IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-19-KAJ |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SYSTEMS, PRISON COMMISSARY/ | ) |
| SWANSON SERVICES, and WARDEN | ) |
| RAFAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

John Robertson ("Robertson"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") filed this civil rights action pursuant to 42 U.S.C. §1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) I now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 2.)

For the reasons discussed below, I am dismissing the claims against the Prison Commissary/Swanson Services ("Swanson") and Warden Rafael Williams ("Warden Williams") pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(b)(1) as the claims are either frivolous or fail to state a claim upon which relief may be granted.

I.   **THE COMPLAINT**

Robertson alleges that on December 14, 2005, he was injured when a metal grating in an elevator fell on him. Robertson was escorted to the medical unit and examined by a nurse. Robertson alleges that the nurse gave him a cursory examination and that he received inadequate medical care. Robertson alleges that as

a result of the injury he experienced headaches, soreness in his neck and shoulder and ringing in his right ear.

Next, Robertson alleges that despite his physical condition he reported to work at the commissary, and worked for the next two days. He alleges that on Sunday evening he was denied Tylenol and on Monday was in "tremendous pain", but nonetheless reported to work. Robertson alleges that he was ordered to lift some boxes and informed someone named "James" that he was unable to complete the task due to his physical condition. Robertson alleges that James became angry, sent him to his housing unit, and terminated Robertson from work. Robertson seeks compensatory and punitive damages.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of*

*Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.   **ANALYSIS**

    A.   **Employment**

Robertson seeks to recover compensatory damages from Swanson because he was terminated from his position in the commissary. Prisoners, however, have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Indeed, it well established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth Amendment. *Id.*; *see also Brian v. Werner*, 516 F.2d 233, 240 (3d Cir.1975) (inmates expectation of keeping job is not a property interest entitled to due process protection); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); *Adams v. James,* 784 F.2d 1077, 1079 (11th Cir.1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986) (Constitution does not create a

3

property interest in prison employment); *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned a particular job).

Accordingly, Robertson's claim against the Prison Commissary/Swanson Services lacks an arguable basis in law or in fact and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B.     Pleading Deficiencies

Robertson names Warden Williams as a defendant. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in,

4

the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, other than naming Warden Williams in the caption of the complaint, Robertson does not associate any of his allegations with Warden Williams. Additionally, in reviewing the allegations, it is evident that Robertson names Warden Williams as a defendant based upon his status as the Warden of HRYCI. There are simply no allegations that Warden Williams was personally involved or had any supervisory liability for the alleged constitutional deprivations claimed by Robertson.

Accordingly, Robertson' claims against Warden Williams lacks an arguable basis in law or in fact, and it is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.   APPOINTMENT OF COUNSEL

In his January 23, 2006, letter Robertson asks that I appoint him counsel. (D.I. 4). He also filed a formal motion on February 16, 2006. (D.I. 6.) Robertson seeks appointed counsel on the bases that he is incarcerated, unskilled in the law, has limited access to the law library, and appointment of counsel would serve "the best interests of just". *Id.* It is within this Court's discretion to appoint plaintiff an attorney, but only

"upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed plaintiff's complaint, I find that his allegations are not of such a complex nature as to warrant appointment of counsel at this time. Additionally, by his own admission, Robertson is not being deprived of access to the law library. Rather, his access is limited. All that is required is that Robertson have at least have access to a prison paralegal or paging system by which to obtain legal materials. *Abdul-Akbar v. Watson*, 4 F.3d 195, 203 (3d Cir.1993) (holding that segregated prisoners who do not have access to an institution's main law library must have some means by which documents and materials can be identified by and furnished to them in a timely fashion).

Therefore, I am denying, without prejudice, the motion for appointment of counsel.

## V.   CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.   The motions for appointment of counsel (D.I. 4, 6) are DENIED without prejudice.

2. The claims against Prison Commissary/Swanson Services and Warden Rafael Williams are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3. Robertson has raised what appears at this point to be a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Correctional Medical Systems. He is allowed to PROCEED with the claims.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff John Robertson shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendant** (i.e., Correctional Medical Systems) as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Robertson has provided the Court with one copy of the complaint (D.I. 2) for service the remaining defendant and the attorney general. Robertson is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and the amended complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An

amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8.      **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE

March 17, 2006
Wilmington, Delaware