IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-0019 KAJ |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | JURY TRIAL BY TWELVE |
| | ) | DEMANDED |
| Defendant. | ) | |

**MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO DISMISS PLAINTIFF'S COMPLAINT[1]**

Defendant, Correctional Medical Services, Inc., ("CMS"), incorrectly named Correctional Medical Systems ("CMS"), through its undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, dismissing Plaintiff's Complaint with prejudice and, in support thereof, avers as follows:

1. Plaintiff filed a Complaint in this matter on January 10, 2006 which was amended on April 28, 2006 alleging violations of his Eighth Amendment Rights. Plaintiff also claims that Defendant, CMS, committed medical malpractice. A copy of Plaintiff's Amendment to Complaint is attached hereto as Exhibit "1".

2. In his Complaint, plaintiff alleges that while at Herbert R. Young Correctional Institution ("HRYCI") medical officials refused to conduct tests to determine the origin of Plaintiff's problems as a result of a metal beam falling on his head on December 14, 2005, specifically an x-ray. See Exhibit "1" at ¶ 25. Plaintiff also alleges that CMS committed malpractice by misdiagnosing and mistreating Plaintiff and treating him with deliberate indifference. Id. at ¶ 26.

---

[1] Moving defendant waives its right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2. However, moving defendant reserves the right to file a Reply Brief.

However, Plaintiff does admit that he was prescribed Ibuprofen, Chlorpheniramine, Robaxin and Ranitidine. Id. at ¶ 3, 14, 16 and 21.

    3.    The plaintiff has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

    4.    The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions. Nyhuis v. Reno, 204 F.3d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"); see also Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.)

    5.    Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein. Booth, 206 F.3d at 291.

    6.    The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance. See Exhibit "2", at 6. An inmate must file a grievance with the Inmate Grievance Chairperson (IGC) who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be

resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

7. If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. See Exhibit "2", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

8. It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him. It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections. Plaintiff admits in his Amendment to Complaint that he filed a medical grievance and a hearing was heard before Lt. Petrick. See Exhibit "1" at ¶ 9. There is no indication that a Medical Grievance Committee Appeal Statement was filed with regards to the medical grievance hearing decision or that any other medical grievances were filed.

9. 42 U.S.C. §1997e(a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. O'Neil v. Kearney, et al., C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (citing Nyhuis v. Reno, 204 F.3d 65, 75 (3rd Cir. 2000)). (Attached as Exhibit "3"). At the time this action was filed procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistake and wasting judicial resources. Therefore, plaintiff's Complaint must be dismissed.

10.     In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

11.     The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights. Although plaintiff disagreed with the medical treatment he received, this alone does not support a claim under the Eighth Amendment. "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim". Norris v. Frame, 585 F.2d 1183, 1186 (3rd Cir. 1978). Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment. Boring, 833 F.2d at 473.

12.     Plaintiff admitted in his Amendment to Complaint that he received treatment, including various medications, for his condition. He just disagrees with the form of treatment he received.

13.     Plaintiff's medical conditions have not been consciously disregarded. On April 11, 2006, an x-ray of the cervical spine was performed which was normal. He has been prescribed numerous medications which he admitted in his Amendment to Complaint. As is denoted in his medical records, he has been provided treatment when requested including, on some occasions, multiple treatments per week. Plaintiff's medical records from 2005 through 2006 are attached as Exhibit "4".

14.     CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992) (citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978)). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.'" Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334 (citing Miller, 802 F. Supp. at 1132)). (Attached as Exhibit "5").

15.     "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id.

16.     "To state a claim, plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates." Whalen, C.A. No. 02-246-JJF Mem. Op. at 4. See Exhibit "5" "CMS would not be liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide such necessary services." Id.

17.     In this case, the plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.

18.     Moreover, CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in an action under the Eighth Amendment.  Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior.  Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992).  For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988).

19.     Plaintiff's state law based claims for medical malpractice, to the extent that his Amendment to Complaint purports to plead them, must also necessarily fail because plaintiff's Amendment to Complaint was not filed with an affidavit of merit.  Pursuant to 18 Del. C. §6853 (a)(1), an affidavit of merit must accompany a medical negligence Complaint filed after October 9, 2003 or "the Clerk of Court shall refuse to file the Complaint and it shall not be docketed through the Court."  Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without the required affidavit of merit, a defendant's remedy is dismissal of the Complaint.  Jackson v. First Correctional Medical Services, 380 F. Supp. 2d 387, 392, (D.Del. 2005). Thus, to the extent that plaintiff's Amendment to Complaint purports to include state law claims, those state law claims must be dismissed as a matter of law. Jackson, 380 F. Supp. 2d at 392.

20.     A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.  Fed. R. Civ. P. 12(b)(6).  Even a pro se litigant must plead sufficient facts to sustain a legal claim.  See Riddle v. Mondragon, 83 F. 3d 1197, 1202 (10th Cir. 1996).

As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Correctional Medical Services, Inc., moves this Honorable Court to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN

BY:   */s/ Kevin J. Connors*
        KEVIN J. CONNORS, ESQ.
        DE Bar ID: 2135
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendant, Correctional
        Medical Services, Inc.

DATED: July 14, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\364042\ESTHOMPSON\13252\00166