IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ROBERTSON,<br>    PLAINTIFF,<br><br>V.<br><br>CORRECTIONAL MEDICAL SYSTEMS<br>("CMS"),<br>    DEFENDANT | )<br>)<br>)<br>)   CIV. NO.   06-19-KAJ<br>)<br>)<br>)<br>) |

## RESPONSE TO MOTION TO DISMISS

**NOW COMES THE PLANTIFF,** John Robertson, pro se, who moves this Court with his **Response to the Defendants Motion to Dismiss,** pursuant to the applicable federal rule governing the same. In order to articulate his cause of action, the plaintiff offers the following.

1. Denied    Correctional Medical Services ("CMS") has a custom of masking inmate medical needs with medication. Hoping through time, a person's ailment will naturally go away. *Custom* is a practice followed by people of a particular group; a habitual practice. *Habitual* is defined as being established by long use; usual.

2. Denied    Doctors have prescribed Ibuprofen, Chlorpheniramine, Robaxin, and Ranitdine this is true. It is also a fact that the reason for the plaintiff's pain is still in question. Mr. Robertson informed doctors on numerous occasions that the medication prescribed was not working, and his condition had become worst. They ignored his claims. So much so, the first remedial test was not administered until 4/11/06. Just about 5 months after the incident occurred. Furthermore CMS doctors now claim the cause of the plaintiff's pain is stress. Although Mr. Robertson was not in any pain before the ceiling in the elevator collapsed and a metal beam fell on his head. Additionally x-rays

only show bones. An x-ray does not show nerves and cannot diagnose concussions, which is probable with blunt trauma to the head. Likewise, if there was a fracture, 5 months later, when the x-ray was conducted, any fracture would have healed. To add insult to injury the x-ray was taken of the plaintiffs back. Not the area of concern; which is Mr. Robertson's head, neck and shoulders.

3. Denied    Per Department of Corrections policy for "Inmate Grievance Procedure" page 5 of 7 under "IGP Resolution Levels" it states: The IGC shall forward the grievance to the inmates housing unit supervisor within two days of their receipt. Housing unit supervisors shall investigate, document all findings, attempt resolution and report results to the IGC within 3 calendar days of their receipt of the grievance.

4. Denied    Plaintiffs initial grievance is dated 12/18/05. Lt. Allen Pedrick did not offer the plaintiff an informal resolution until 1/14/06. The DOC along with CMS violated their policy. Mr. Robertson had no choice but to take civil action. They failed to adhere to their procedure.

5. Denied    The next section of the Inmate Grievance Procedure states: The (RGC) Resident Grievance Committee shall convene within 30 calendar days of (IGC) Inmate Grievance Chair receipt of the grievance to examine the issue and documented investigative data, hear testimony, and make a recommendation. The aforesaid mentioned is a grievance hearing. Mr. Robertson did not receive said hearing until 6/15/06. Again violating the policy and grievance procedure approved by the Chief, Bureau of Prisons.

6. Denied    The plaintiffs Amendment to Complaint he does not state that a hearing was ever heard before Lt. Pedrick; as stated in the defendant's motion. Mr. Robertson

does assert that on 1/14/06 the Lieutenant came to interrogate and intimidate him. Lt. Pedrick offered an informal resolution to the grievance during these tactics.

7.Denied    Additional grievances were filed on 1/9, 1/14, 2/17 and 3/12/06 in order to further alert the institution of the plaintiffs deteriorating health. Also to bring to light the custom of the defendant. Hearings for these grievances were provided also on 6/15/06. No chance to informally resolve these issues was offered; again violating their policy. Appeals were completed as of 6/18/06, and as of this date no decision has been rendered.

8.Denied    Correctional Medical Systems along with the Department of Correction had ample opportunity to discover and correct mistakes, they deliberately chose otherwise. The plaintiff followed the necessary steps exhausting the administrative options available to him. CMS and the DOC failed to abide by the policy set placing Mr. Robertson in eminent danger. Furthermore the Department of Corrections deliberately chose to disregard the video of the incident captured by the camera inside the elevator. It clearly shows the metal beam falling on Mr. Robertson's head and those individuals who witnessed it.

9.Denied    As stated in the defendant's motion "A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy deliberate indifference." *Reckless* means careless; *Disregard* is to treat without proper respect or attentiveness. Mr. Robertson reported the incident to 2 officers. Officers Hitchins and Soul, in that order. Officer Hitchins was even given pieces of the ceiling by someone who witnessed the event. On this day c/o Hitchins was located at a position the institution calls unit 25. The officer carelessly did not treat the matter with proper attentiveness. Foregoing his option to file an incident report. Per

DOC document page 3 of 4 grievance #21787 the institution failed to interview officer Hitchins. Another conscious choice made by the authorities responsible for the plaintiffs well being. The above acts alone constitute deliberate indifference.

10. Denied    The citing of *Boring v Kozakiewicz*, *Durmer v O'Carroll*, and *Norris v Frame* as arguments for the defensive are frivolous at best. *Boring* and *Norris* deal with pretrial detainees. While the *Durmer* case is in reference to preexisting injuries. The plaintiff's situation is more closely related to *Estelle*. Mr. Robertson is sentenced, his injury happened while at work for his prison job, and doctors refuse to run the necessary remedial tests to correctly diagnose and rectify his condition.

11. Denied    Acts of omissions sufficiently harmful to serious medical needs constitute deliberate indifference. The plaintiff's medical needs have been consciously disregarded by CMS and the DOC. In fact, Mr. Robertson was promised months ago by CMS representatives, Scott Altman and Joann Loppe, that all of his medical needs would be met. Theses needs still have not been met. Doctors continue to administer massive quantities of Motrin along with muscle relaxers in an attempt to mask the symptoms of the plaintiff's condition. Disregarding the effect this practice could have on his health. These medications have been proven to be at best ineffective, and instead of conducting remidial tests, CMS chose to increase the dosages.

12. Denied    At the plaintiff's initial visit with Dr. Desrosier she stated Mr. Robertson's pain was a result of "muscle shock from impact." Next the doctor asserted a ridiculous claim saying that his pain was due to him being overweight. Shortly there after, another doctor diagnosed Mr. Robertson with muscle spasms. One doctor even prescribed physical therapy for the plaintiff, only to be told by another doctor that wasn't an option.

13. Denied    The plaintiff in some instances may have been seen by medical multiple times per week adequate treatment was never received. Additionally the multiple visits were always a result of CMS's medical staff not having Mr. Robertson's chart during the first go around.

14. Denied    On 4/11/06 the plaintiff received a x-ray of his cervical spine that was declared to be normal. Likewise on 3/3/06 Mr. Robertson received an ultrasound of his stomach for a related health issue. It is believed the cause of this problem is due to the massive quantities of medication given to him by CMS doctors. The doctor who reviewed the test deemed the plaintiff had gas. Further exploratory tests showed that Mr. Robertson had pylops in his colon and intestine. In reviewing a copy of defendant's exhibit 4, it is evident that mistakes are continually being made and liberties are being taken with Mr. Robertson's health. As such, CMS's refusal to properly treat the plaintiff constitutes a manifest and malicious deliberate indifference claim under the Eighth Amendment.

In closing, the plaintiff asserts that CMS is liable for malpractice through misdiagnosis, mistreatment, and deliberate indifference; and should be liable for damages incurred (both punitive and compensatory).

Respectfully Submitted,

9/6/06 _____

*John Robertson*

John Robertson
PRO SE'
HOWARD R. YOUNG
P.O. BOX 9561
WILMINGTON, DE 19809

## PROOF OF SERVICE

I, **John Robertson**, do hereby certify that I've caused a true and correct copy of the foregoing **RESPONSE TO MOTION** to be sent to the following party by placing the same in the U.S. Mail on this ____6th____ Day of __Sept__, 2006 AD

_____
SIGNED



Clerk of the Court
United States District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801