IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ROBERTSON | ) |
| | ) |
|     Plaintiff | ) |
| | ) C.A. No. 06-19-*** |
| v. | ) |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS | ) |
| | ) |
|     Defendant | ) |

**MEMORANDUM ORDER**

John Robertson ("Robertson") is an inmate at the Howard R. Young Correctional Institution ("HRYCI"), who filed this *pro* se civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2006. D.I. 2. He was granted permission to proceed *in forma pauperis*. D.I. 3. Previously, Robertson filed two Motions to Appoint Counsel (D.I. 4, 6), which were denied without prejudice with leave to refile. D.I. 7. He recently filed another motion for the appointment of counsel on July 24, 2006. D.I. 19. For reasons similar to those cited in the Order of March 17, 2006, Robertson's renewed motion is denied.

I.   **Robertson's Facts**

Robertson alleges in his complaint that on December 14, 2005, he was injured when a metal grating in an elevator fell on him striking his head. He claims that as a result of this injury, he experienced headaches, lightheadedness, soreness in his neck and shoulder and ringing in his right ear. Although Robertson was seen by a nurse shortly after the incident, he claims that he was

given a cursory examination and received inadequate medical care. In his amended complaint, Robertson asserted additional claims against Correctional Medical Systems ("CMS"), that he continued to receive inadequate medical care in response to his complaints during the months of December 2005 through April 2006. D.I. 12. Robertson alleges that this substandard medical care constituted malpractice and deliberate indifference for which he is requesting both punitive and compensatory damages.

## II. Procedural Status

As noted previously, this is Robertson's third motion for counsel in which he claims that

> [d]ue to the complexity of issues, research required and knowledge of the law needed, the next step is beyond my scope; Due to my incarceration at HRYCI. The appointment of counsel will serve the best interest of justice.

D.I. 19.

On March 17, 2006, the court reviewed and screened the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, which resulted in dismissal of the claims against the Prison Commissary/Swanson Services and Warden Rafael Williams as either frivolous or failing to state a claim upon which relief may be granted. D.I. 7. In the March 17, 2006 Order, the court also addressed Robertson's two previously filed motions for appointment of counsel and denied Robertson's requests, finding that the allegations were not of a complex nature and that Robertson was not being denied access to the law library under the standards set forth in *Abdul-Akbar v. Watson*, 4 F.3d 195, 203 (3d Cir. 1993).

2

III.   **Analysis**

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace,* 6. F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). The court has discretion to appoint counsel, however, only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present facts and legal issues to the court in a complex but arguable meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26(3d Cir. 1994); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

In the Order of March 17, 2006, the court found that there appeared to be a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against CMS. Therefore, at that stage, Robertson's claims had arguable merit.

After meeting the threshold issue, the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate are examined. Those factors include, but are not limited to, the plaintiff's ability to present his own case; the complexity of the legal issues; the extensiveness of the factual investigation necessary to effectively litigate and the need for expert testimony. *Tabron*, 6 F.3d at 156-57; *Parham*, 126 F.3d at 457-58.

After review of plaintiff's complaint and amended complaint, his allegations are not of such a complex nature to warrant appointment of counsel at this time. There is no suggestion that he is being deprived of access to the law library or to

a prison paralegal or a paging system by which to obtain legal documents. Robertson filed a complaint and a very comprehensive, clear and well-articulated amended complaint. Presently, it is not evident that the case will turn on credibility determinations or on the need for expert testimony. Robertson's submissions indicate more than adequate ability and no substantial disability in presenting his own case.

### IV. Order

ACCORDINGLY, IT IS HEREBY ORDERED THAT Robertson's Motion for Appointment of Counsel (D.I. 19) is DENIED.

Date: March 29, 2007

_____
UNITED STATES MAGISTRATE JUDGE