## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-0019 *** |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, Correctional Medical Services, Inc. ("CMS"), through its undersigned counsel, hereby submits this Reply to Plaintiff's Response in Opposition (D.I. 20) to Defendant's Motion to Dismiss (D.I. 17) and, in support thereof, avers as follows:

1.     CMS stands upon its prior arguments that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996.  42 U.S.C. § 1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

2.     Courts have upheld the requirements of 42 U.S.C. § 1997e (a), and stated that an inmate must first exhaust all administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions.  *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000); see also *Booth v. Churner*, 206 F.3d 289, 294-295 (3d Cir. 2000), *cert. granted*, No. 99-1964, 2000 WL 798208 (Oct. 30, 2000) (§1997e(a) is applicable to all inmate claims except those challenging the factor duration of confinement).

3.      42 U.S.C. § 1998e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes. *O'Neil v. Kearney, et al.,* C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) attached as Exhibit "A". At the time this action was filed, several procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistakes and wasting judicial resources. Plaintiff has provided no proof that a Medical Grievance Committee Appeal Statement was filed. Therefore, plaintiff's claims against CMS should be dismissed as a matter of law.

4.      As previously argued in its Motion to Dismiss, CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. *Miller v. Correctional Medical Systems, Inc.*, 802 F.Supp. 1126 (D. Del. 1992), citing *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). In this case, the plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care. Plaintiff's medical records are proof that plaintiff was and continues to be frequently treated for his alleged medical conditions. On April 11, 2006, an x-ray of the cervical spine was performed because plaintiff complained of muscle spasms. The x-ray was normal. He has been prescribed numerous medications including, Ibuprofen, Chlorpheniramine, Robaxin and Ranitidine. As is denoted in his medical records, he has been provided treatment when requested including, on some occasions, multiple treatments per week. Plaintiff's medical records from June 30, 2006 up to the present date are attached as Exhibit "B".[1]

---

[1] Plaintiff's medical records <u>before</u> June 30, 2006 were attached as sealed Exhibit 4 to CMS' Motion to Dismiss. D.I. 17.

5.      The prisoner asserts that "Doctors continue[d] to administer massive quantities of Motrin along with muscle relaxers in an attempt to mask the symptoms of the plaintiff's condition." D.I. 20 at 4.  According to the prisoner, such a practice constituted deliberate indifference.  When different dosages of medications are prescribed and new therapies are begun by a health care provider, this can hardly be said to be a vindication of the prisoner's claims of "deliberate indifference to a serious medical need."  In stark contrast, medical care and treatment is on a continuum, adapting and changing to a patient's needs and in response to clinical presentation and weighing the risks and benefits of treatment modalities.  These matters are within the sound discretion and medical judgment exercised by a physician.  The only inference that can be made from the medications prescribed is that based upon the prisoner's history and clinical presentation at the time of the visit, such a medication and dosage was indicated. Plaintiff himself requested that his prescription medications be refilled and requested higher dosages of medications for his neck, back, and muscle spasms in numerous sick call slips and grievances.  He recognized in same that he may have built up a tolerance to some of his medications.  *See* Exhibit B.  Such "factual" allegations cannot and should not be the basis for a claim of "deliberate indifference to a serious medical need."  As *Estelle* explains a "*mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment*." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Fitzgerald v. Septer*, 1998 U.S. Dist. LEXIS 23397, C.A. No. 97-663-JJF at 2 (D. Del. July 27, 1998) (holding that claim alleging mere dissatisfaction with medical care administered to prisoner is insufficient to support cognizable claim under 1983)(Attached as Exhibit "C");  *Johnstone v. United States*, 980 F.Supp. 148, 153 (E.D. Pa. 1997).  The fact that plaintiff feels that he should have treatment other than

that which was rendered is merely a disagreement over the course of medical treatment and does not rise to a constitutional issue.

6.    Moreover, to the extent that plaintiff names CMS as a defendant based on the activities of its alleged employees, *respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1983.  *Miller*, 802 F.Supp. 1126.  For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

7.    Plaintiff's state law based claims for medical malpractice must also necessarily fail because plaintiff's Amendment to Complaint was not filed with an affidavit of merit.  18 *Del. C.* § 6853(a)(1); *Jackson v. First Correctional Medical Services*, 380 F.Supp.2d 387, 392 (D. Del. 2005).

8.    A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.  Fed. R. Civ. P. 12(b)(6).  Even a pro se litigant must plead sufficient facts to sustain a legal claim.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant CMS, moves this Honorable Court to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: ___*/s/ Kevin J. Connors*_____
       KEVIN J. CONNORS, ESQ.
       DE Bar ID: 2135
       1220 North Market Street, 5th Fl.
       P.O. Box 8888
       Wilmington, DE 19801
       Attorney for Defendant, Correctional
       Medical Services, Inc.

DATED: June 1, 2007

\15_A\LIAB\KAMEANY\LLPG\431241\KAMEANY\13252\00166

## CERTIFICATE OF SERVICE

I, Kevin J. Connors, hereby certify that two (2) copies of the **REPLY OF**

**DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO PLAINTIFF'S**

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** have been

served by E-File and Regular Mail to the following:

John Robertson
SBI #541362
HRYCI
P.O. Box 9561
Wilmington, DE 19809

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:    */s/ Kevin J. Connors*
      KEVIN J. CONNORS, ESQ.
      DE Bar ID: 2135
      1220 North Market Street, 5th Fl.
      P.O. Box 8888
      Wilmington, DE 19801
      Attorney for Defendant, Correctional
      Medical Services, Inc.

DATED: June 1, 2007
\15_A\LIAB\KAMEANY\LLPG\431241\KAMEANY\13252\00166