EXHIBIT "C"

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 23397    Page 1 of 2

Case 1:06-cv-00019-SLR    Document 32-4    Filed 06/01/2007    Page 2 of 3

Service: **Get by LEXSEE®**
Citation: **1998 U.S. Dist. LEXIS 23397**  -View MDWCG Results (5)

*1998 U.S. Dist. LEXIS 23397, \**

JOHN LLOYD FITZGERALD, Plaintiff, v. MICHELLE SEPTER, DEPARTMENT OF CORRECTION, OFFICER CUMMINGS, and PRISON HEALTH SERVICES, INC., Defendants.

Civ. A. No. 97-663-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

1998 U.S. Dist. LEXIS 23397

July 27, 1998, Decided

**DISPOSITION:** **[\*1]** Defendants' Motion To Dismiss granted.

**COUNSEL:** John Lloyd Fitzgerald, Plaintiff, Pro se.

Kerry Doyle-Shannon, Esq., WHITE & WILLIAMS, Wilmington, Delaware, Attorney for Defendants Michelle Septer and Prison Health Services, Inc.

Allison L. Peters, Esq., State of Delaware, Department of Justice, Wilmington, Delaware, Attorney for Defendants Department of Correction and Officer Cummings.

For PRISON HEALTH SERVICES, INC., defendant: John D. Balaguer, Kerry Doyle-Shannon, White & Williams, Wilmington, DE.

**JUDGES:** Joseph J. Farnan, Jr., Chief Judge.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION: MEMORANDUM OPINION**

July 27, 1998

Wilmington, Delaware

FARNAN, Chief Judge.

Presently before the Court is State Defendants Department of Correction's and Officer Cummings' Motion To Dismiss (D.I. 27). State Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)*Shepardize* for failure to state a claim upon which relief can be granted.

Plaintiff is an state prisoner committed to the custody of the Delaware Department of Correction. In his Complaint, Plaintiff alleges that while incarcerated in the Webb Correctional Facility, his right **[\*2]** to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments was violated by virtue of the State Defendants' failure to provide adequate medical treatment to him when his fell from his bed on June 9, 1997. (D.I. 4). Defendants base their Motion To Dismiss on their contention that Plaintiff has not alleged facts sufficient to establish a deliberate indifference to Plaintiff's serious medical needs, as required under Estelle v. Gamble, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976).

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 23397                                    Page 2 of 2

Case 1:06-cv-00019-SLR    Document 32-4    Filed 06/01/2007    Page 3 of 3

Plaintiff's Complaint alleges that after he fell he received medical attention from the medical staff. The Court reads Plaintiff's Complaint to allege Plaintiff's dissatisfaction with the medical care that he was provided. The Complaint does not assert any facts that could support an allegation of deliberate indifference. See Estelle, 429 U.S. at 106. Therefore, because mere dissatisfaction with the medical care administered to a prisoner is insufficient to support a cognizable claim under 42 U.S.C. § 1983, Shepardize Defendants' Motion To Dismiss (D.I. 27) will be granted.

An appropriate Order will be entered.

**ORDER [*3]**

At Wilmington, this 27th day of July, 1998 for the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that State Defendants Department of Correction's and Officer Cummings' Motion To Dismiss (D.I. 27) is GRANTED.

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **1998 U.S. Dist. LEXIS 23397**  -View MDWCG Results (5)
View: Full
Date/Time: Thursday, May 31, 2007 - 3:12 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- 🇶 - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- 🛈 - Citation information available

* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms & Conditions
**LexisNexis®** Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.