IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-019-SLR |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

John Robertson, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro se.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Correctional Medical Services, Inc.

**MEMORANDUM OPINION**

Dated: April 17, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Presently before the court is defendant Correctional Medical Services, Inc.'s ("CMS")[1] motion to dismiss plaintiff's complaint and amended complaint, plaintiff John Robertson's ("plaintiff") response thereto, and CMS' reply.[2] (D.I. 17, 20, 32) For the reasons set forth below, the court will grant the motion to dismiss.

## II. BACKGROUND

Plaintiff, an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) An amendment to the complaint was filed on April 28, 2006. (D.I. 12) Plaintiff seeks compensation for defendant's alleged deliberate indifference to a serious medical need and medical malpractice.

Plaintiff alleges as follows: On Wednesday, December 14, 2005, he was injured when a metal grating in an elevator fell from its ceiling. He was escorted to the medical unit and examined by a nurse who, according to plaintiff, gave him a cursory examination (with no medical testing such as an MRI or X-ray) and inadequate medical care, but provided him with a bottle of Tylenol. As a result of the injury, he experienced headaches, soreness in his neck and shoulder, and ringing in his right ear.

Despite his physical condition, plaintiff reported to work for the next two days. On Sunday evening, plaintiff was denied Tylenol and, on Monday, he was in

---

[1] CMS is wrongly named as Correctional Medical Systems.

[2] CMS submitted medical records in support of its motion to dismiss. (D.I. 18, 33) The court does not consider them as they are outside the pleadings. See Fed. R. Civ. P. 12(d).

"tremendous pain" but, nonetheless, reported to work. He was terminated from work after he was unable to complete tasks due to his physical condition.

Plaintiff was seen by a CMS physician on December 20, 2005, received Ibuprofen, and was informed there would be a follow-up reevaluation in fifteen days. The follow-up did not take place and plaintiff submitted sick call slips on January 6 and 8, 2006. Plaintiff was seen by a physician on January 9, 2006, but no "relevant" tests were conducted. At that time, plaintiff complained that his condition had worsened, but was advised by the physician that his condition was due to being overweight and not a result of the December accident. Plaintiff was prescribed chlorpheniramine[3] and diet portions, but he did not exhibit cold symptoms and he did not receive the diet meals until April 4, 2006. The doctor did not prescribe pain medication.

Plaintiff submitted several more sick call slips on January 21, 2006, and was prescribed pain medication by the CMS medical staff. He was seen by a physician on January 23, 2006, who prescribed Ibuprofen and Ranitidine.[4] Plaintiff was seen on February 18, 2006, by a different CMS physician who diagnosed muscle spasms and prescribed Robaxin[5] and Ibuprofen.

The medications did not work and, as a result, plaintiff sought further medical

---

[3] A single-ingredient antihistamine product. www.webmd.com/a-to-z-guides/nonprescription-medications-and-products-cold-and-allergy-remedies.

[4] An H2 histamine blocker that works by reducing the amount of acid in the stomach, and helps heal and prevent ulcers and improves symptoms such as heartburn and stomach pain. www.webmd.com/drugs.

[5] A central nervous system depressant with sedative and musculoskeletal relaxant properties. www.rxlist.com.

treatment. He was seen on March 8, 2006. The physician refused to change or renew plaintiff's prescription. Plaintiff used up his medication on March 12, 2006, but was "still suffering" and again sought medical treatment. Plaintiff was seen by a different CMS physician on March 30, 2006, who prescribed increased dosage amounts of Robaxin and Ibuprofen; plaintiff alleges that he did not receive the medication. Plaintiff saw the same physician on April 3, 2006, and informed him that he had not received the medication and that he needed something for his deteriorating health. Plaintiff remained in pain and saw a physician on April 7, 2006. The doctor would not change plaintiff's prescription. On eight occasions on various dates after December 14, 2005, plaintiff also saw normal CMS staff physicians and two other physicians. Plaintiff contends that CMS did not properly treat him and its actions constitute a manifest and malicious deliberate indifference under the Eighth Amendment. He also contends that CMS is liable for malpractice through misdiagnosis, mistreatment, and deliberate indifference.

CMS moves for dismissal on the bases that plaintiff failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"), the complaint and its amendment fail to state a claim for deliberate indifference to a serious medical need, and plaintiff failed to file the appropriate affidavit of merit as required for a medical malpractice claim.

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must

3

accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is

4

liberally construed and his complaint and its amendment, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### B. Deliberate Indifference to Serious Medical Need

CMS moves for dismissal on the grounds that the allegations in the complaint and its amendment, even if assumed to be true, do not constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment. It also argues that plaintiff cannot provide any set of facts to demonstrate that CMS had a policy or custom that led medical staff to deprive plaintiff of medical care. Finally, it argues that dismissal is appropriate because, under § 1983, it cannot be held liable under a theory of respondeat superior.

In order to state an inadequate medical treatment claim under the Eighth Amendment, an inmate must allege deliberate indifference to serious medical needs constituting "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical

5

treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint and its amendment in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against CMS for deliberate indifference to a serious medical need. Rather, the complaint alleges that plaintiff received treatment for his injury, albeit not to his liking. Plaintiff alleges there should have been medical testing, but it is the physician, not the patient, who makes that medical decision. Additionally, it is clear in reading the allegations that plaintiff received continuing medical treatment and his condition was monitored. The allegations fail to state a claim for deliberate indifference to a serious medical need and, therefore, the court will grant CMS' motion to dismiss the § 1983 claim.

### C. Malpractice

CMS moves to dismiss any medical malpractice claim raised on the basis that

plaintiff failed to file an affidavit of merit as required by Delaware law. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." <u>Bonesmo v. Nemours Foundation</u>, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting <u>Green v. Weiner</u>, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853.

Plaintiff did not include an affidavit of merit signed by an expert witness with his complaint as is required by Delaware law. Therefore, the court will grant CMS' motion to dismiss the medical malpractice claim.[6]

## IV. CONCLUSION

Based upon the foregoing analysis, the court will grant the CMS' motion to dismiss. (D.I. 17) An appropriate order will be entered.

---

[6] Inasmuch as the allegations to state a claim upon which relief may be granted, the court sees no need to address CMS' other grounds for dismissal.